IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| AMBER PERKINS,<br><br>      Plaintiff,<br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>      Defendant. | CIVIL NO. 04-5508 RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted  July 1, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been fully briefed. After reviewing the record, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

FACTUAL AND PROCEDURAL BACKGROUND

Amber Perkins filed her application for supplemental social security benefits on February 4, 2002. [Tr. 60-63]. Perkins alleged disability beginning in 1998 due to severe psychological impairments, including depression, PTSD, personality disorder, and substance abuse disorder. [Tr 81]. Plaintiff filed her application for benefits on February 4, 2002. [Tr. 60-63]. Her application was denied initially [Tr 32-35], and on reconsideration. [Tr. 37-39].

REPORT AND RECOMMENDATION - 1

An administrative hearing was held on July 30, 2003 before ALJ Jack Bauer, and witnesses were called.  On October 29, 2003, the ALJ found that Plaintiff was disabled when considering limitations attributable to her substance abuse, but not disabled within the meaning of the Social Security Act because the substance abuse disorder was material to the finding of disability. [Tr. 19-28].  The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a full range of work reduced by nonexertional limitations.  The Appeals Council denied administrative review [Tr 5-7], making the ALJ's decision the final decision of the Commissioner for the purpose of judicial review.  20 C.F.R. §422.210; Sims v. Apfel, 120 S.Ct. 2080, 2083 (2000).

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  42 U.S.C. §405(g); Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  We consider the evidence as a whole, weighing both evidence that supports, and evidence that detracts from the Commissioner's conclusion.  Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996).  Credibility determinations are the province of the ALJ.  Fair v. Bowen, 885 F.2d 597, 603 ( 9th Cir. 1989).

Sequential Evaluation Process

The claimant bears the burden of proving that she is disabled within the meaning of the Social Security Act.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §416.905.

REPORT AND RECOMMENDATION - 2

In evaluating Plaintiff's claim, the ALJ followed the five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security regulations. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920 (2000). The Plaintiff has the burden of proof at steps one through four; at step five the burden shifts to the Commissioner to show that Plaintiff can perform work that exists in significant numbers in the national economy.

Findings of Administrative Law Judge Bauer

The ALJ found at step one that Plaintiff had never engaged in substantial gainful activity. [Tr. 20, 24, 27, Finding 2 (F2)]. At step two, the ALJ found that Plaintiff has severe depression, anxiety disorder, and substance addiction disorder. [Tr 24, 27/F3]. At step three, the ALJ found that Plaintiff's substance abuse addiction disorder met the requirements for Listing 12.09, and Plaintiff was disabled. [Tr. 24, 25, 27/F3). Because the ALJ determined that Plaintiff was not disabled absent the drug and alcohol addiction, the ALJ found that Plaintiff's substance abuse was material to the finding of disability, and she was ineligible for supplemental security income benefits. [Tr. 19, 27/F 3, 28].

The ALJ found that without substance abuse, the Plaintiff had the RFC to perform a full range of exertional work, but due to her mental limitations, was restricted to no more than simple and routine tasks, and occasional contact with the public, co-workers, and supervisors [Tr. 26, 28/F5]. At step four, the ALJ found that Plaintiff had no past relevant work history [Tr. 26, 28/F6]. At step five, the ALJ determined that Plaintiff could perform work as a cleaner/housekeeper and packager, jobs that existed in significant numbers in the national economy [Tr. 27, 28, F28]. The ALJ therefore found Plaintiff not disabled. [Tr. 27-28, F 12-14].

The Plaintiff argues that the Commissioner's decision denying benefits fails to give proper consideration to the opinions of examining and treating psychiatrists and psychologists, and to the testimony of Phillip Williams, M.A., Martha Rekdahl, and Ms. Perkins. The Defendant argues that

REPORT AND RECOMMENDATION - 3

the Commissioner's decision was supported by substantial evidence and is free of legal error.

The ALJ Properly Assessed Plaintiff's Credibility

To reject a Plaintiff's subjective complaints, the ALJ must provide clear and convincing reasons which are supported by substantial evidence. Morgan v. Commissioner of the SSA, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ considered Plaintiff's testimony, and found it was not entirely credible concerning her impairments and their impact on her ability to work. [Tr. 25-26]. Inconsistencies between a claimant's allegations of disability and activities of daily living bears on the claimant's credibility. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ concluded that Plaintiff's conduct in acting as a "hook up" for buyers seeking sellers of marijuana [Tr 345-350], occasional shopping [Tr. 26, 67], going to the river with friends, and having a boyfriend [Tr. 26, 227], was inconsistent with her testimony regarding her inability to leave her home and be around people. [Tr. 341-342].

A claimant's failure to seek treatment or to follow a prescribed course of treatment is a valid basis for discounting a claimant's credibility regarding their ailments. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ considered Plaintiff's refusal to engage in substance abuse treatment. [Tr. 26, 173, 214, 218-19, 222, 239, 341-43], and noncompliant use of prescribed medications as inconsistent with her allegations of disability. For instance, Plaintiff altered her medications on her own, and purchased non-prescribed Vicodin from friends. [Tr. 22, 26, 165, 218, 231-32]. The ALJ also noted that Plaintiff cancelled or failed to show up for numerous counseling sessions and medication review appointments. [Tr. 22-23, 145, 148, 151, 159-60, 166, 169, 202, 204, 212-14, 216, 220, 230].

Where, as here, the ALJ gave clear and convincing reasons supported by substantial evidence in the record for rejecting Plaintiff's subjective complaints, the court may not second guess that decision. Id. at 604.

The ALJ Properly Considered Martha Rekdahl's Testimony

REPORT AND RECOMMENDATION - 4

The ALJ did not give significant weight to the testimony of Plaintiff's grandmother, Martha Rekdahl because Ms. Rekdahl did not appear to be aware of the nature and extent of Plaintiff's drug and alcohol use [Tr. 26, 354-56]. While lay testimony is competent evidence that the ALJ must consider when discounting testimony, the ALJ must give germane reasons for rejecting the opinions of the lay witnesses. Nguyen v. Chater 100 F.3d 1462, 1467 (9th Cir. 1996), citing Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

The ALJ found Ms. Rekdahl's testimony that Plaintiff doesn't smoke marijuana at her place to be inconsistent with Plaintiff's statements that she continues to use marijuana, but doesn't leave the house. Also, Plaintiff facilitated marijuana sales in Rekdahl's house. [Tr. 345-50]. The ALJ thus provided germane reasons for rejecting Ms. Rekdahl's testimony.

### The ALJ Properly Considered the Medical Evidence

#### Phillip Williams' Testimony

Phillip Williams provided mental health counseling to Plaintiff since September 11, 2001 [Tr. 238]. Williams held the opinion that Plaintiff's ongoing substance dependency was not material to her disability. [Tr 240]. The ALJ properly rejected this opinion. Giving a diagnosis is beyond the competence of lay witnesses. Nguyen, 100 F.3d at 1467, discussing Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984). Because Mr. Williams was not a physician, he was incompetent to provide a diagnosis or attribute behavior to a particular cause [Tr. 25, 238-40]. See C.F.R.§ 416.913(a); Id. at 1467. The ALJ did, however, credit his observations that Plaintiff needed, but refused substance abuse treatment, and that her symptoms diminished with proper use of medication and reduction or abstinence from drugs and alcohol. [Tr. 22-23, 203, 207-09, 214, 218-19, 221, 223, 227-28, 239]. The ALJ incorporated Williams'opinion as to Plaintiff's limitations on interaction with the public, coworkers and supervisors, and ability to perform simple, routine tasks into his residual functional capacity finding. [Tr. 26, 28/F5,7]. The ALJ need not incorporate opinions based on Plaintiff's discredited complaints, such as her inability to leave home, and tendency toward self-

REPORT AND RECOMMENDATION - 5

isolation. The ALJ gave clear and convincing reasons for discounting Williams' opinion, which were supported by substantial evidence.

Plaintiff's Substance Abuse was Material to Disability Determination

The ALJ's determination that Plaintiff met the requirements of the Listings for substance abuse disorder was based largely on Plaintiff's testimony, the observations of Mr. Williams, and Plaintiff's grandmother's testimony that Plaintiff's difficulty with mood and isolation occur when she abused alcohol and drugs.

According to Social Security Regulations, "[t]he key factor [in] determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether [an individual] would still [be found] disabled if [she] stopped using drugs or alcohol." Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001); 20 C.F.R § 404.1535 (1999). If the remaining impairments and limitations are not disabling, drug or alcohol abuse is material to the finding of disability, and benefits must be denied. Id. The burden of proof lies with the claimant to prove that her drug and alcohol abuse is not material to the disability determination. Ball v. Massanari, 254 F.3d at 821.

The ALJ may not reject a treating physician's opinion without providing specific, legitimate reasons supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

The evidence of record contains the psychological evaluations conducted by Trevelyan Houck, Terilee Wingate, and reviewing state psychological consultant Kristine Harrison.

Plaintiff's reliance on the evaluations of psychologist Trevelyan Houck, Ph.D., [Tr. 121-126, 245-50] and Terilee Wingate, Ph.D. [Tr. 191-97] to dispute the ALJ's finding of materiality is unpersuasive. While Plaintiff asserts that none of the psychologists assessed substance addiction disorder as material to their finding of disability, both Houck and Wingate concluded there was no indication of alcohol or drug abuse [Tr. 122, 192]. Apparently, Plaintiff was not forthcoming about her drug and alcohol use. Thus, they were unaware of the extent of Plaintiff's substance abuse. It

REPORT AND RECOMMENDATION - 6

follows that they did not distinguish between the level of impairment that would exist absent substance abuse. The ALJ appropriately rejected their opinion that drug and alcohol use was not an issue.

The RFC assessment of Dr. Harrison, written with and without substance abuse, indicated that Plaintiff's functioning was the same. [Tr. 129]. The assessment identified only one area of marked limitation: the ability to interact appropriately with the general public. [Tr. 128].

Hypothetical Posed to VE Mary Lou Minton

The hypothetical to the Vocational Expert by the ALJ restricted Plaintiff to no more than occasional contact with supervisors, co-workers, and the public [Tr. 358, 360]. This was consistent with the mental RFC assessment of Dr. Kristine Harrison. The ALJ is not obligated to accept all of a claimant's proposed limitations, as long as the ALJ's findings are supported by substantial evidence. See Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001). The ALJ's residual functional capacity finding and hypothetical posed to the ALJ included the Plaintiff's functional limitations, and constituted substantial evidence. Id. at 1164-65.

CONCLUSION

The Commissioner 's decision is supported by substantial evidence in the record as a whole. Accordingly, the decision of the Commissioner is AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Tomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 1, 2005** as noted in the caption.

DATED this 7th day of June, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

REPORT AND RECOMMENDATION - 7

REPORT AND RECOMMENDATION - 8